UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID JAMES REISCHAUER,

    Plaintiff,

v.                                      Case No. 2:06-cv-149
                                          HON. GORDON J. QUIST

GILBERT R. JONES,

    Defendant.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on January 11, 2007. The Report and Recommendation recommended that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, in part, and that Plaintiff's motion for default judgment be denied. The report and recommendation was duly served on the parties. The Court received objections from both parties, as well as a second motion for summary judgment filed by Defendant and a response to that motion filed by Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Defendant states that the Magistrate Judge erred in finding that he was not entitled to qualified immunity on Plaintiff's RLUIPA claim which arose prior to November 7, 2003. Defendant cites *Key v. Grayson*, 17 F.3d 996 (6th Cir. 1999) in support of this assertion. As noted by the Magistrate Judge in the report and recommendation, *Key* addressed the applicability of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) to prisoners, noting that prison officials were entitled to qualified immunity during the time that there was uncertainty on this

issue. *Id.* Because it is clear from the face of the statute that the RLUIPA applies to prisoners, the holding in *Key* is not controlling on this issue.

Defendant also claims that he is entitled to summary judgment on Plaintiff's First Amendment claim. However, Defendant merely reiterates the arguments set forth in the underlying motion for summary judgment. For the reasons set forth in the report and recommendation, Defendant's motion for summary judgment is properly denied as to Plaintiff's First Amendment claims.

In Defendant's second motion for summary judgment (docket #52), defendant maintains he is entitled to summary judgment on Plaintiff's RLUIPA damages claims. The court notes that this issue was addressed in *Marsh v. Granholm, et al.*, 2006 WL 2439760 (W.D. Mich. Aug. 22, 2006). In *Marsh*, the court noted:

> [T]he case law with regard to whether a defendant is liable for damages in his individual capacity under the RLUIPA is currently unsettled in this and other circuits. *See Gooden v. Crain*, ___F.Supp.2d ___, 2005 WL 3436769, at *9 (E.D. Tex. Dec.13, 2005) (appearing to hold claims for damages, especially those against officials in individual capacities, unavailable under the RLUIPA); *Smith v. Haley,* 401 F. Supp. 2d 1240, 1246 (M.D. Ala. 2005) ("Because there is simply nothing in the statute that clearly suggests that government employees can be liable for damages in their individual capacities, the court doubts that RLUIP[A] provides for such."); *Boles v. Neet,* 402 F.Supp.2d 1237, 1240 (D. Colo. 2005) ("The Court understands [the RLUIPA] to permit cases against a governmental entity, but not against an individual officer, except perhaps in his or her official capacity."); *Chase v. City of Portsmouth,* No. Civ. A. 2:05CF446, 2005 WL 3079065, at *5 (E.D. Va. Nov.16, 2005) ("Appropriate relief may include injunctive and declaratory relief as well as nominal damages."); *Farrow v. Stanley,* No. Civ. 02-567-PB, 2005 WL 2671541, at *11 n. 13 (D.N.H. Oct.20, 2005) ("There is substantial uncertainty . . . as to whether [42 U.S.C. § 2000cc-2] even provides a right to money damages."); *Guru Nanak Sikh Soc'y of Yuba City v. County of Sutter,* 326 F.Supp.2d 1140, 1162 (E.D.Cal.2003) ("the issue of whether RLUIPA allows the recovery of damages is an open question"); *Agrawal v. Briley,* No. 02C6807, 2003 WL 164225, at *2 n. 2 (N.D.Ill. Jan.22, 2003) ("it is unclear whether [42 U.S.C. § 2000cc-2(a) ] authorizes a claim for

- 2 -

>    damages as well as injunctive relief"). *But see Williams v. Bitner,* 359 F. Supp. 2d 370 (M.D.Pa.2005) (recognizing corrections employees and officials' exposure to liability in individual capacities on inmate's § 1983 claim asserting violation of the RLUIPA); and *Daker v. Ferrero, et al.*, 2006 WL 346440, slip op. p. 9 (N.D. Ga. Feb. 13, 2006) (also recognizing officials' exposure to liability in individual capacities on inmate's § 1983 claim asserting violation of the RLUIPA).

*Marsh v. Granholm*, 2006 WL 2439760 at sl. op. *2.

In this case, as with the defendants in *Marsh*, Defendant could have reasonably believed that his conduct did not expose him to liability in his individual capacity under the RLUIPA. Consequently, the court finds that Defendant is entitled to qualified immunity on the issue of liability for damages in his individual capacity with regard to his RLUIPA claims.

THEREFORE, IT IS ORDERED that Defendant's first motion for summary judgment (docket #34) is granted with regard to Plaintiff's RFRA claim and Plaintiff's RLUIPA claims which arose after November 7, 2003, but denied as to Plaintiff's First Amendment or RLUIPA claims which arose prior to November 7, 2003. In addition, for the reasons stated in the January 11, 2007, report and recommendation, Plaintiff's motion for summary judgment (docket #19) is denied.

IT IS FURTHER ORDERED that Plaintiff's motion for default judgment (docket #31) is denied.

FINALLY, IT IS ORDERED that Defendant's second motion for summary judgment (docket #52) is granted and Defendant is entitled to qualified immunity on the issue of liability for damages in his individual capacity on the RLUIPA claims.


Dated:  May 23, 2007                       /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE